**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**STEPHEN A. PARSON, LEON BENJAMIN, and BRUCE L. WALLER, SR.,**

**Plaintiffs,**

**v.** **Civil Action No. 3:16cv13**

**JAMES B. ALCORN, in his official capacity as Chairman of the Virginia State Board of Elections; CLARA BELLE WHEELER, in her official capacity as Vice-Chair of the Virginia State Board of Elections; and, SINGLETON B. MCALLISTER, in her official capacity as Secretary of the Virginia State Board of Elections,**

**Defendants.**

**MEMORANDUM ORDER**

This matter comes before the Court on the Motion to Join Necessary Party pursuant to Federal Rule of Civil Procedure 19(a)(1)[1] filed by Defendants James B. Alcorn, Clara Belle Wheeler, and Singleton B. McAllister, in their official capacities as officers of the Virginia State

---

[1] Federal Rule of Civil Procedure requires certain parties to be joined "if feasible":

> (1) ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Board of Elections ("SBE") (collectively, "Defendants"). (ECF No. 7.) Defendants seek to join the Republican Party of Virginia (the "RPV") as a necessary party to this action. (Mot. Join 1, ECF No. 7.)

Federal Rule of Civil Procedure 19(a)(1) requires the Court to join a party to an action for a number of reasons, including when the Court "cannot afford complete relief among existing parties" in the absence of the party sought to be joined. Fed. R. Civ. P. (a)(1)(A). Subsection (a) of Rule 19 "reflects an affirmative policy of bringing all interested persons before the court." *Frazier v. City of Norfolk*, 236 F.R.D. 273, 275 (E.D. Va. 2006) (citation omitted). "The inquiry contemplated by Rule 19 is a practical one . . . addressed to the sound discretion of the trial court." *Id.* (citing *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980) (omission in original)).

Plaintiffs Stephen A. Parson, Leon Benjamin, and Bruce L. Waller, Sr. (collectively, "Plaintiffs") bring this action against Defendants contending that a portion of the ballots to be used in the Virginia Republican Presidential Primary violates, *inter alia*, the First[2] and Fourteenth[3] Amendments to the United States Constitution and the Voting Rights Act, 52 U.S.C. § 10101, *et seq.*[4] Plaintiffs allege that the challenged portion of the ballots constitutes an

---

[2] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[4] "All citizens of the United States who are otherwise qualified by law to vote at any election by the people . . . shall be entitled and allowed to vote at all such elections, without distinction of race, color, or previous condition of servitude . . . ." 52 U.S.C. § 10101(a)(1).

unlawful "loyalty oath." (Verified Compl. 3, ECF No. 1.) By statute, both the RPV and the SBE play important roles in the primary electoral process. Va. Code §§ 24.2-103(A), -545(A).

Here, at least based on the limited record before the Court, Defendants have demonstrated that the RPV is a necessary party under Rule 19(a). Procedurally, no evidence exists demonstrating that the RPV is not subject to service of process, and joinder of the RPV would not deprive the Court of subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1). Factually, both Plaintiffs and Defendants contend that the language to be used on the ballots arises as a result of the RPV's involvement. (Verified Compl. 4; Mot. Join 1.) The Court will be called upon to evaluate the lawfulness of the language. If the Court were to find the language unlawful, an order enjoining its use would impact the RPV's involvement in the process. Without the RPV, the Court likely could not afford "complete relief." Fed. R. Civ. P. 19(a)(1)(A). Accordingly, the Court exercises its discretion and GRANTS the Motion to Join. (ECF No. 7.)

The Court ORDERS the Clerk to ADD the RPV as a Defendant. The Court ORDERS Defendants Alcorn, Wheeler, and McAllister, as the parties seeking joinder, to provide the RPV with all public documents filed in this case. The Court ALLOWS the RPV to file a response to the Injunctive Motions not later than 12:00 p.m. (noon) on Tuesday, January 12, 2016 and to appear at the hearing set on the matter for Wednesday, January 13, 2016 at 2:00 p.m.

The Motion to Join inadvertently raises a related issue: whether the SBE as an entity constitutes a necessary party under Rule 19(a). As in the Court's analysis of the RPV's necessary joinder, the Court questions whether complete relief can be afforded through Defendants Alcorn, Wheeler, and McAllister in their official capacities or by these defendants *and* the SBE as an entity. Accordingly, in the interest of "the just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, the Court ORDERS all parties to file position

papers regarding whether the SBE would constitute a necessary party under Federal Rule of Civil Procedure 19(a) not later than 12:00 p.m. (noon) on Tuesday, January 12, 2016.

Let the Clerk send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 1-11-16