IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEPHEN A. PARSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 3:16CV-13-MHL |
| JAMES B. ALCORN, et al., | ) |
| Defendants. | ) |

### SUPPLEMENTAL BRIEF

Defendants, James B. Alcorn, Clara Belle Wheeler and Singleton B. McAllister, in their official capacities as Chairman, Vice-Chairman, and Secretary, respectively, of the State Board of Elections, by counsel and in compliance with the Court's direction during the January 13, 2016 hearing on preliminary injunction, tender the following supplemental brief:

### ARGUMENT

**I.  The Plaintiffs failed to demonstrate entitlement to injunctive relief under *Winter*.**

To justify the extraordinary remedy of a preliminary injunction, Plaintiffs must show that (1) they are "likely to succeed on the merits"; (2) they "will likely suffer irreparable harm absent an injunction"; (3) the balance of hardships weighs in their favor; and (4) the injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008); *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). The injunction the Plaintiffs seek here is mandatory, as it would alter the status quo of the approval and issuance to general registrars of the Republican Party of Virginia's ("RPV") voter statement. *See League of Women Voters*, 769 F.3d at 236, 235 ("mandatory injunctions alter the status quo" and thus are "disfavored") (citations and quotations omitted). While the Defendants maintain, as

1

in their previous filings, that the Plaintiffs fail to meet any of the prongs of the *Winter* test, this Supplemental Brief focuses solely on the first: whether the Plaintiffs are "likely to succeed on the merits." *Winter*, 555 U.S. at 20.

    A.    <u>The Plaintiffs proffered no competent evidentiary support for their claims</u>.

A review of the evidence offered at the hearing, in light of the applicable legal standards, reveals the Plaintiffs cannot meet their burden of showing likely success. The Plaintiffs offered no factual evidence that any of their conclusory allegations, whether under the Voting Rights Act, the U.S. Constitution or Virginia law, "plausibly suggest an entitlement to relief." *Sarvis v. Judd*, 80 F. Supp. 3d 692, 697 (E.D. Va. 2015). The sole witness, Dr. Parson, admitted that other than himself and perhaps his fellow Plaintiffs, he was unaware of any voter who did not intend to vote in the Republican Party presidential primary because of the RPV's decision to require execution of the voter statement.[1] He did not offer any competent testimony of its potential effect on other voters or upon the primary voting process. His testimony, nearly all of which was hearsay, simply repeated the "formulaic recitation" of conclusory allegations contained in the Plaintiffs' complaint. *Id*. Critically, he admitted he had never before voted in *any* Virginia primary election, so could not testify as to manner in which they were conducted, much less how that process would be altered by the RPV's voter statement.

At no point did the Plaintiffs proffer any facts to support the contentions in their Complaint that the voter statement would lead to long lines,[2] that it would intimidate those voters

---

[1] The uncontroverted evidence at the hearing, through the testimony of Mr. Cortés, was that the voter statements adopted by the Virginia State Board of Elections, one for absentee voters and one for in-person voters, was so adopted at the direction of the RPV and that the language in the final forms (offered as Defendants' Exhibits 3 and 4 at the hearing) was as specifically requested by the Chairman of the RPV.

[2] Even with such testimony, the existence of long lines does not demonstrate a violation of the Voting Rights Act. *See*, *e.g.*, *Jacksonville Coalition for Voter Protection v. Hood*, 351 F. Supp. 2d 1326, 1335 (M.D. Fla. 2004) ("While it may be true that having to drive to an early voting site and having to wait in line may cause people to be

who appeared at the polls or that it would otherwise lead members of a protected class to "have less opportunity" to participate in the political process. *League of Women Voters*, 769 F.3d at 240. Again, they offered no more than naked, conclusory statements that such detrimental effects might occur, and provided no evidence (or even well-pleaded factual allegations) that any of these hypothetical injuries plausibly would occur as a result of the RPV's voter statement.

B.  The Plaintiffs cannot establish, as a matter of law, the validity of any of their claims.

The gravamen of the Plaintiffs' complaint is the decision of the RPV to require execution of the voter statement. A review of the Complaint reveals that with each cause of action, the Plaintiffs direct their ire at the RPV's "loyalty oath". *See*, *e.g.*, Complaint at 10 ¶¶37-39; 41. However, the decision of the RPV to require execution of the voter statement, i.e., to impose "requirements determined by the political party," Va. Code § 24.2-545(A), lies foursquare within both its statutory[3] and constitutional rights. The "special protections" for the "process by which a political party selects a standard bearer who best represents the party's ideologies and preferences" are ones which the Board must adhere to absent a plain violation of an independent constitutional prohibition. *Cal. Democratic Party v. Jones*, 530 U.S. 567, 575 (2000) (quotations omitted). The Plaintiffs identify no case supporting their contention that their alleged First Amendment privacy rights[4] can supersede these "special protections." *Id.*

---

inconvenienced, inconvenience does not result in a denial of 'meaningful access to the political process.'") (quoting *Osburn v. Cox*, 369 F.3d 1283, 1289 (11th Cir. 2004)).

[3]   The Plaintiffs' statutory violation claims are of no moment; nothing contained within Va. Code §24.2-545(A) specifically limits the requirements a political party may impose, it imposes no time limitations upon the Board, and it acted in accordance with its obligations under Va. Code § 24.2-105 to promulgate the forms.

[4]   The Defendants previously noted that the *Jones* court rejects the idea of such privacy rights. *See Jones*, 530 U.S. at 585. Further, as demonstrated during cross examination of Dr. Parson, an individual must, as part of the process of voting in the Republican presidential primary, request a Republican ballot, necessarily disclosing a desire to participate in the Republican primary. Finally, Virginia law precludes any private citizen from obtaining a copy of the executed voter statements, such that who did or did not execute such a statement would never become known. *See* Va. Code § 2.2-3703(B) (exempting election materials from the Virginia Freedom of Information Act); Va. Code § 24.2-668 (requiring election materials to be maintained under seal).

*Miller v. Brown*, 503 F.3d 360 (4th Cir. 2007) makes clear that where a political party establishes rules for participation in its nominating process, those rules are protected associational freedoms of the party that cannot be infringed upon or changed by the Board. Here, the RPV, exercising this protected constitutional right and its affirmative statutory right under Va. Code § 24.2-545(B), established a requirement that any voter in its presidential primary must execute a statement affirming that "I am a Republican." Once the RPV determined that only those voters who executed such a statement could participate in their primary, "the State may not force the party to include voters in that primary" which it wishes to reject, those who would not execute the statement. *Jones*, 530 U.S. at 575. The Defendants sole role was to ensure, pursuant to Va. Code § 24.2-105, the resulting form[5] was consistent with others utilized in the Virginia electoral process and, for absentee ballots, provided necessary guidance to those not physically present at the polls. The Plaintiffs cannot show any entitlement to overcome this "legitimate right" of the RPV to establish the rules for participation in its nominating process, and their request for injunctive relief therefore must be denied. *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 215-216 n. 6 (1986).

## CONCLUSION

WHEREFORE, the Defendants respectfully request the Court deny the Plaintiffs' motion for injunctive relief.

---

[5] The Defendants could not utilize the form originally tendered by the RPV (Defendants' Exhibit 1 at the hearing) as it bore notations from the RPV indicating the document itself was property of the RPV rather than election materials. The affirmative statement itself never changed from the form in which it was originally tendered by the RPV, nor did the fundamental requirement change; i.e., that in order for a voter to participate in the primary, he must execute the statement.

                                                Respectfully submitted,

                                                JAMES B. ALCORN, CLARA BELLE WHEELER and SINGLETON B. McALLISTER

                                                By: /s/
                                                   J. Duncan Pitchford, Asst. Atty. Gen. (VSB No. 87065)
                                                 Anna T. Birkenheier, Asst. Atty. Gen. (VSB No. 86035)
                                                 Office of the Virginia Attorney General
                                                 900 East Main Street
                                                 Richmond, Virginia 23219
                                                 Telephone: (804) 371-0977
                                                 Facsimile: (804) 786-2650
                                                 jpitchford@oag.state.va.us

Mark R. Herring
Attorney General

John W. Daniel, II
Deputy Attorney General

Rhodes B. Ritenour
Deputy Attorney General

Heather Hays Lockerman
Senior Assistant Attorney General & Section Chief

J. Duncan Pitchford (VSB No. 87065)*
Assistant Attorney General III

Anna T. Birkenheier (VSB No. 86035)*
Assistant Attorney General

Adam J. Yost
Assistant Attorney General

Office of the Attorney General
Commonwealth of Virginia
900 East Main Street
Richmond, Virginia 23219
(804) 371-0977 – Office
(804) 786-2650 – Facsimile
jpitchford@oag.state.va.us

*Counsel of record for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of January, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Chester Smith, Esq.
Smith Law Group, PLLC
293 Independence Boulevard, Suite 231
Virginia Beach, Virginia 23462
Telephone: (757) 490-3181
chucsmit@live.com
*Counsel for Plaintiffs*

Jack R. Wilson, III, Esq.
Jack R. Wilson, III PLC
9401 Courthouse Rd., Suite 204
Chesterfield, Virginia 23832
Telephone: (804) 425-9474
jack@jackwilsonplc.com
*Counsel for Republican Party of Virginia*

                                                                      /s/
                                        J. Duncan Pitchford, Asst. Atty. Gen. (VSB No. 87065)
                                        *Counsel for Defendants*
                                        Office of the Virginia Attorney General
                                        900 East Main Street
                                        Richmond, Virginia 23219
                                        Telephone: (804) 371-0977
                                        Facsimile: (804) 786-2650
                                        jpitchford@oag.state.va.us