IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHEN A. PARSON, SR., LEON BENJAMIN,
and BRUCE L. WALLER, SR.,

        **Plaintiffs,**

v.                                                           Civil Action No. 3:16cv13

JAMES B. ALCORN, in his official capacity
as Chairman of the Virginia State Board of
Elections; CLARA BELLE WHEELER, in
her official capacity as Vice-Chair of the
Virginia State Board of Elections;
SINGLETON B. MCALLISTER, in her official
capacity as Secretary of the Virginia State
Board of Elections
and,
THE REPUBLICAN PARTY OF VIRGINIA,

        **Defendants.**

## ORDER

For the reasons stated in the forthcoming Memorandum Opinion, this Court DENIES

Plaintiffs' Motion for a Preliminary Injunction.[1] (ECF No 3.)

Testimony during the preliminary hearing revealed that the SBE's in-person voting

document differed from that already sent to some absentee voters. The absentee ballot enclosure

---

[1] As stated during the hearing held on January 13, 2016, Defendants' Motion to Dismiss as it pertains to standing also is DENIED. (ECF No. 12.) Laches also does not bar Plaintiffs' suit. "Laches is an equitable doctrine that precludes relief when a plaintiff has delayed bringing suit to the detriment of the defendant." *Perry v. Judd*, 840 F. Supp. 2d 945, 950 (E.D. Va. 2012), *aff'd*, 471 F. App'x 219 (4th Cir.). Laches requires the proof of: (1) a lack of diligence by the party against whom the defense is asserted; and, (2) prejudice to the party asserting the defense. *Perry*, 840 F. Supp. 2d at 953 (citations omitted). The SBE finalized the relevant language on December 16, 2015. Three weeks later, on January 6, 2016, Plaintiffs filed this suit. A three-week period between availability of the voting documents and the Complaint's filing does not demonstrate a lack of diligence. The evolving nature of the SBE's implementation processes further dissuades this Court from applying laches here.

notifies voters that the "statement shall be a requirement of [the voter's] participation" and seeks a signature to "ensure" that a ballot "can be counted." Testimony also established that the SBE, and not the Republican Party of Virginia, added language to the in-person voter document saying "[a]ny voter refusing to sign the statement form cannot vote in this Republican Party nominating process."

A party seeking this extraordinary injunctive relief must make a clear showing as to: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary injunctive relief; (3) the balance of equities between the parties tips in favor of the party seeking such relief; and, (4) the public interest. *Perry v. Judd*, 471 F. App'x 219, 223 (4th Cir. 2012) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008)). The failure to show any one of the relevant factors mandates denial of the preliminary injunction. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part*, 607 F.3d 355 (4th Cir. 2010).

The limited record before the Court does not support the extraordinary remedy of a preliminary injunction against mailing absentee ballots for the Republican Presidential Primary with the contested enclosure because Plaintiffs did not present evidence sufficient to show a likelihood of success on the merits on their constitutional claims. *See League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 230, 237 (4th Cir. 2014). Nor does the Plaintiffs' limited evidence support a clear showing of likelihood of success on the merits of their constitutional claims as to the in-person voting document. The United States Court of Appeals for the Fourth Circuit confirms that the Supreme Court of the United States has "vigorously affirm[ed] the special place the First Amendment reserves for, and the special protection it

accords, the process by which a political party 'select[s] a standard bearer who best represents the party's ideologies and preferences'. . . and the 'corollary . . . right . . . not to associate'"[2] with others, including those "who may not share [the party's] views." *Miller*, 503 F.3d at 371. Plaintiffs' statutory claims also fail under this prong of the preliminary injunction standard.[3]

As to the public interest prong, Plaintiffs' case nonetheless raises matters of significant concern as to the SBE's duties to avoid voter confusion and to preserve the integrity of, and order in, the electoral process. The in-person voting procedure remains in flux to a noteworthy degree. During the January 13, 2016 hearing, the SBE disclosed for the first time that, as of January 8, 2016, the SBE changed the in-person voting procedure to include the use of a provisional ballot—one that likely would not be counted. The SBE stated that it will give corrected instructions to voting officials. Because Plaintiffs must succeed on each prong of the preliminary injunction test, and the Court nevertheless finds they have not shown a likelihood of success on the merits of their claims, the Court DENIES the preliminary injunction. (ECF No. 3.)

---

[2] *Miller v Brown*, 503 F.3d 360, 364–65 (4th Cir. 2007) (quoting *Cal. Democratic Party v. Jones*, 530 U.S. 567, 575 (2000)).

[3] The Court cannot find that Plaintiffs likely would succeed on the merits of any claim brought under Virginia Code § 24.2-545(A), in part because the Court questions whether Plaintiffs likely can show that a private right of action exists to bring a claim in this Court under that statute. The Court also cannot find, based on the limited evidence before it, that Plaintiffs are likely to prevail on their claims under Sections 2 and 11(b) of the Voting Rights Act, 52 U.S.C. §§ 10301(a), 10307(b).

4

A trial on the merits remains. The Court ORDERS the parties to contact the Court, jointly, to schedule further matters in this case no later than forty-eight (48) hours after the filing of the Memorandum Opinion.

Let the Clerk send a copy of this Order to counsel of record.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: Jan. 14, 2016